UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X
SARENE WALSH,

**COMPLAINT**

Plaintiffs,

-against-

**JURY TRIAL DEMANDED**

**ECF CASE**

CORRECTIONS OFFICER "JOHN" PERALTA,
CORRECTIONS OFFICER "JOHN" DANZY, and
SUPERINTENDENT WENDY FEATHERSTONE

Defendants.
---------------------------------------------------------------------------------X

Plaintiff, by her attorney, JON L. NORINSBERG, Esq., complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violation of her civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

**JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

**VENUE**

4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

**PARTIES**

6. Plaintiff is a Caucasian female, a citizen of the United States, and at all relevant times resident of the State of New York, and an inmate at the BAYVIEW CORRECTIONAL FACILITY, located at 550 West 20th Street in the City and State of New York.

7. Defendant CORRECTIONS OFFICER "JOHN" PERALTA was at all times employed by defendant Bayview Correctional Facility as a corrections officer, and was at all relevant times assigned to the Bayview Correctional facility.

8. Defendant CORRECTIONS OFFICER "JOHN" DANZY was at all times employed by Bayview Correctional Facility as a corrections officer, and was at all relevant times assigned to the Bayview County Correctional facility.

9. Defendant SUPERINTENDENT WENDY FEATHERSTONE , was at all times employed by Bayview Correctional Facility as the superintendent of Bayview Correctional Facility.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by the New York State Department of Corrections.

**FACTS**

12. At all times hereinafter mentioned, plaintiff SARENE WALSH was an inmate at the BAYVIEW CORRECTIONAL FACILITY ("BCF"), located at 550 West 20th Street, New York, NY 10011.

13. At all times hereinafter, defendant CORRECTIONS OFFICER PERALTA worked and continues to work as a Corrections Officer ("C.O.") at BCF.

14. At all times hereinafter, defendant C.O. DANZY worked and continues to work as a C.O. at BCF.

15. On or about July 15, 2012, defendant C.O. PERALTA instructed plaintiff SARENE WALSH to follow him to cut cardboard boxes in the package room at BCF.

16. Using his position of authority in the facility, C.O. PERALTA led plaintiff SARENE WALSH out of the package room and into an alleyway between buildings.

17. Once in the alleyway, defendant C.O. PERALTA proceeded to forcefully push down on plaintiff SARENE WALSH's shoulders while exposing his penis, forcing plaintiff SARENE WALSH to perform fellatio.

18. On or about July 23, 2012, C.O. DANZY called plaintiff SARENE WALSH out of her cell and escorted her to '5-Annex'; a hallway that connects several classrooms and offices.

19. As they approached 5-Annex, C.O. PERALTA came out from behind a door and approached plaintiff SARENE WALSH.

20. At this time, C.O. DANZY shouted "I'll see you in 30 minutes" and left plaintiff SARENE WALSH and C.O. PERALTA alone in 5-Annex.

21. C.O. PERALTA instructed plaintiff SARENE WALSH to go into a counselor's empty office within the annex.

22. Once inside, he instructed plaintiff SARENE WALSH to take her pants off. She refused.

23. C.O. PERALTA then instructed plaintiff SARENE WALSH to go another empty classroom and clean up chairs.

24. C.O. PERALTA followed plaintiff SARENE WALSH into the empty classroom and again approached her.

25. C.O. PERALTA then said to plaintiff SARENE WALSH "[j]ust do this for me", grabbed plaintiff SARENE WALSH's hand and put it down his trousers.

26. C.O. PERALTA then violently grabbed plaintiff SARENE WALSH by her hair, forced her to her knees, pulled his penis out and demanded fellatio.

27. After ejaculation, plaintiff SARENE WALSH tried to rid herself of C.O. PERALTA's semen. Upon seeing this, C.O. Peralta shouted "[f]ucking swallow, NOW!"

28. Defendant C.O. PERALTA then tossed plaintiff SARENE WALSH soap and demanded she wash out her mouth.

29. Plaintiff SARENE WALSH immediately told several of her close confidants about the instances of sexual abuse by defendant C.O. PERALTA.

30. Upon learning that plaintiff SARENE WALSH was beginning to tell other inmates, defendant C.O. PERALTA approached plaintiff SARENE WALSH and said "[a]re you out of your mind?! If something happens to me, no matter where you go, you will suffer."

31. Defendant C.O. PERALTA's misconduct was merely a reflection of a larger, systemic failure of top-level prison officials to properly safeguard the rights of female inmates at BCF.

32. In fact, defendant C.O. DANZY himself had been reprimanded on several occasions for his improper conduct towards female inmates at BCF.

33. Consistent with the institutional "blind-eye" policy of BCF, defendant C.O. DANZY simply turned the other way and allowed defendant C.O. PERALTA to engage in this grossly inappropriate conduct, as did other staff members when witnessing the misconduct of defendant C.O. PERALTA.

34. As evidenced by the forgoing, defendant SUPERINTENDENT WENDY FEATHERSTONE exhibited deliberate indifference to the rights of female inmates in BCF's custody, including the plaintiff SARENE WALSH, by failing to adequately supervise the defendants herein, and by failing to properly discipline said Correction Officers despite knowledge of their previous unlawful conduct toward female inmates at BCF.

35. Defendant WENDY FEATHERSTONE knew or should of known of defendant C.O. PERALTA's tendencies to commit the above-stated improper acts, but took no meaningful steps to correct or prevent the same misconduct from occurring again.

36. Defendant WENDY FEATHERSTONE's failure to intervene to prevent the abusive behavior by defendant C.O. PERALTA is evidence of her deliberate indifference to the repeated violations of BCF inmates' civil rights, including their right to be free from cruel and unusual punishment while incarcerated.

37. The foregoing unlawful conduct caused plaintiff SARENE WALSH to suffer severe emotional distress, humiliation, embarrassment, shame, physical and emotional abuse, and deprivation of her constitutional rights, including but not limited to, her right to not have cruel and

unusual punishments inflicted; and her right to due process and equal protection of the law.

## THE CONSTITUTIONAL VIOLATIONS

38. As a result of the unlawful acts of defendant C.O. PERALTA, defendant C.O. DANZY and SUPERINTENDENT WENDY FEATHERSTONE, as detailed above, plaintiff SARENE WALSH was subjected to cruel and unusual punishment, as prohibited by the Eighth Amendment to the United States Constitution, while incarcerated at the Bayview Correctional Facility.

39. Further, as a result of the unlawful acts of both defendants C.O. PERALTA and C.O. DANZY, as detailed above, plaintiff SARENE WALSH was subjected to violations of her fundamental right to privacy, as secured by the Fifth and Fourteenth Amendments to the United States Constitution.

40. Further, as a result of the unlawful acts of defendant C.O. PERALTA, as detailed above, plaintiff SARENE WALSH was subjected to unlawful bodily searches by defendant C.O. PERALTA, in violation of her right to be free from unlawful searches and seizures, as secured by the Fourth Amendment to the United States Constitution.

41. The foregoing constitutional violations were allowed to occur as a result of the deliberate indifference exhibited by defendant SUPERINTENDENT WENDY FEATHERSTONE toward the health, safety and welfare of female inmates at BCF.

42. Specifically, defendant SUPERINTENDENT WENDY FEATHERSTONE exhibited deliberate indifference toward the health, safety and welfare of plaintiff SARENE WALSH in that said defendant: 1) wholly disregarded the improper conduct of defendant C.O. PERALTA and C.O. DANZY; 2) failed to take appropriate and necessary measures to safeguard and protect female inmates at BCF from defendant C.O. PERALTA and C.O. DANZY, despite clear indications that

such measures were needed; and 3) failed to properly train employees at BCF as to their affirmative duties, obligations and responsibilities to report misconduct by fellow staff members at BCF.

43. The existence of the aforesaid deliberate indifference by defendant SUPERINTENDENT WENDY FEATHERSTONE may be inferred not only from repeated instances of similar misconduct by defendants, but also, by similar misconduct by other staff members at BCF.

44. Upon information and belief, defendant C.O. PERALTA has had several allegations of sexual misconduct made against him throughout his tenure at not only BCF, but also at Bedford Hills Correctional Facility, where he served for fourteen (14) years prior to working at BCF. Further, several male staff members, including defendant C.O. DANZY himself, have been reprimanded for misconduct on several occasions.

45. The pervasiveness of said misconduct by male staff members is, by itself, evidence of the existence of defendant SUPERINTENDENT WENDY FEATHERSTONE's deliberate indifference to the health, safety and welfare of female inmates at BCF.

46. Further evidence of this deliberate indifference may be found in defendant SUPERINTENDENT WENDY FEATHERSTONE'S complete and utter failure to punish other correctional officers who allow such misconduct to occur by not reporting said misconduct to their superiors.

**FIRST CLAIM FOR RELIEF**
**DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983**

47. Plaintiff SARENE WALSH repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "46, with the same force and effect as if fully set forth herein.

48. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of law.

49. All of the aforementioned acts deprived Plaintiff SARENE WALSH of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

50. The acts complained of were carried out by the aforementioned individual defendants in their capacities as corrections officers and/or municipal employees, with all the actual and/or apparent authority attendant thereto.

51. The acts complained of were carried out by the aforementioned individual defendants in their capacities as corrections officers, pursuant to the customs, usages, practices, procedures, and the rules of the State of New York and Bayview Correctional Facility, and under the supervision of defendant SUPERINTENDENT WENDY FEATHERSTONE.

52. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## DELIBERATE INDIFFERENCE TO PLAINTIFFS' CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. § 1983

53. Plaintiff SARENE WALSH repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54. Defendant SUPERINTENDENT WENDY FEATHERSTONE knew that defendant C.O. PERALTA was inappropriately touching and/or sexually assaulting inmates while working as a Corrections Officer at the Bayview Correctional Facility.

55. Notwithstanding this knowledge, defendant SUPERINTENDENT WENDY FEATHERSTONE allowed defendant C.O. PERALTA to continue to engage in unlawful and improper conduct towards plaintiff SARENE WALSH, and failed to intercede and/or take other necessary actions to stop defendant C.O. PERALTA's unlawful and improper conduct towards plaintiff SARENE WALSH.

56. In so doing, defendant SUPERINTENDENT WENDY FEATHERSTONE exhibited a deliberate indifference toward the health, safety, welfare and constitutional rights of plaintiff.

57. As a result of defendants' deliberate indifference, C.O. PERALTA was able to continue working as a Corrections Officer at the Bayview Correctional Facility, without any restrictions or limitations on his contact with female inmates, including plaintiff.

58. As a result of defendants' deliberate indifference, defendant C.O. PERALTA was able to continue to engage in improper and unlawful conduct towards plaintiff SARENE WALSH at the Bayview Correctional Facility.

59. The foregoing unlawful conduct caused plaintiff SARENE WALSH to suffer severe emotional distress, humiliation, embarrassment, shame, physical and emotional abuse, and deprivation of her constitutional rights, including but not limited to, her right to not have cruel and unusual punishments inflicted; and their right to due process and equal protection of the law.

## THIRD CLAIM FOR RELIEF
## VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. § 1983

60. Plaintiff SARENE WALSH repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. The sexual assaults committed by defendant C.O. PERALTA violated plaintiff SARENE WALSH's right to be free from cruel and unusual punishment, as secured by the Eighth Amendment to the United States Constitution.

62. The sexual assaults committed by defendant C.O. PERALTA violated plaintiff SARENE WALSH's right to be free from unlawful searches and seizures, as secured by the Fourth Amendment to the United States Constitution.

63. The sexual assaults committed by defendant C.O. PERALTA violated plaintiff SARENE WALSH's constitutional right to privacy, as secured by the Fifth and Fourteenth Amendments to the United States Constitution.

64. As a result of the foregoing, plaintiff SARENE WALSH sustained, *inter alia*, physical abuse, severe emotional distress, pain, and suffering, embarrassment and humiliation, and deprivation of her constitutional rights.

**FIFTH CLAIM FOR RELIEF**
**FAILURE TO INTERVENE**

65. Plaintiff SARENE WALSH repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66. At all relevant times, defendant C.O. DANZY knew of the unlawful and improper actions taken by defendant C.O. PERALTA.

67. Defenant C.O. DANZY had a duty to intervene to prevent C.O. PERALTA from violating plaintiff SARENE WALSH's constitutional rights.

68. Defendant C.O. DANZY had an opportunity to intervene to prevent C.O. PERALTA from violating plaintiff Sarene Walsh's constitutional rights.

69. Defendant C.O. DANZY wholly failed and refused to intervene to stop C.O.

PERALTA from violating plaintiff SARENE WALSH's constitutional rights.

70. To the contrary, Defendant C.O. DANZY knowingly aided and abetted C.O. PERALTA in violating plaintiff SARENE WALSH's constitutional rights.

71. The foregoing unlawful conduct caused plaintiff SARENE WALSH to suffer severe emotional distress, humiliation, embarrassment, shame, physical and emotional abuse, and deprivation of her constitutional rights, including but not limited to, her right to not have cruel and unusual punishments inflicted; and their right to due process and equal protection of the law.

72. By reason of the aforesaid conduct by defendants, plaintiff SARENE WALSH herein requests the following relief:

> A. Compensatory damages in the amount of twenty-five million dollars ($25,000,000.00);
>
> B. Punitive damages in the amount of twenty-five million dollars ($25,000,000.00);
>
> C. An award of reasonable attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements; and
>
> D. Any further relief as the Court may find just and proper.

**WHEREFORE**, plaintiffs collectively demand judgment in the sum of twenty-five million dollars ($25,000,000.00) in compensatory damages, twenty-five million dollars ($25,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
December 3, 2012

_____
JON L. NORINSBERG (JN 2133)
Attorney for Plaintiff
225 Broadway, Suite 2700
New York, New York 10007
(212) 791-5396