```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/10/17
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------X

SARENA WALSH,

                    Plaintiff,

        -against-

CORRECTIONS OFFICER MANUEL
PERALTA, CORRECTIONS OFFICER
TERRANCE DANZY, and SUPERINTENDENT
WENDY FEATHERSTONE,

                    Defendants.

--------------------------------------------------------------X

12 Civ. 9116 (PGG) (KNF)

**STIPULATION OF
SETTLEMENT, GENERAL
RELEASE, AND ORDER
OF DISMISSAL**

This SETTLEMENT STIPULATION, GENERAL RELEASE, AND ORDER OF DISMISSAL ("Settlement Stipulation") is made by and between Plaintiff SARENA WALSH ("Plaintiff") and Defendants WENDY FEATHERSTONE and MANUEL PERALTA ("Defendants"):

WHEREAS, Plaintiff commenced this action under 42 U.S.C. § 1983 by filing a complaint on or about December 14, 2012 (the "Complaint") (Docket No. 1), in this Court against Defendants in the above-captioned action ("the Action"), alleging that Defendants violated Plaintiff's rights during Plaintiff's incarceration in the New York State Department of Corrections and Community Supervision ("DOCCS") system, and filed an amended complaint on or about January 24, 2014 (the "Amended Complaint") (Docket No. 30) which superseded the complaint; and

WHEREAS, Defendants, whether in their individual or official capacities, and the State of New York, expressly deny any wrongful conduct or liability, or violation of any federal, state, or local statute, ordinance, or law in the Action whatsoever; and

WHEREAS, Plaintiff and Defendants wish to fully resolve the claims alleged in the the Action, and any and all other disputes, whether known or unknown, without further litigation or proceedings and without admission of fault or liability and have negotiated in good faith for that purpose; and

WHEREAS, none of the parties to the Action is an infant or incompetent person; and

WHEREAS, Plaintiff represents and warrants that, other than this Action, she has no action or proceeding pending in any court, state or federal, arising out of or relating to the subject matter of this lawsuit.

NOW THEREFORE, in consideration of the mutual promises, covenants, representations, and other consideration contained in this Settlement Stipulation, Plaintiff and Defendants hereby agree as follows:

### 1.     Dismissal of the Action With Prejudice

The Action and all claims asserted therein are discontinued with prejudice against Defendants pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amounts specified in Paragraph 2 below.

### 2.     Payment to Plaintiff and Plaitniff's Attorneys

In full consideration of Plaintiff's execution of this Settlement Stipulation, her agreement to be bound by its terms, and her undertakings as set forth herein including, but not limited to, the dismissal of the Action with prejudice and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the State of New York, on behalf of Defendants, shall pay the gross amount of Three Hundred Thousand Dollars ($300,000.00) in full satisfaction of any and all claims, allegations or actions, direct or indirect, known or unknown, that Plaintiff had, has, or may have against the Defendants, whether in their individual or official capacities,

the State of New York, DOCCS (or any of its predecessors), or any of their current or former employees, subdivisions, units or related entities, arising out of conduct, acts, or omissions prior to, up to and including the date of this Settlement Stipulation, including but not limited to those asserted in the Action, including any attorney's fees, costs, disbursements, and expenses incurred by Plaintiff for any and all counsel who have assisted Plaintiff or at any time represented Plaintiff in the Action or in connection with any other proceeding, administrative, judicial, or otherwise, and any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted in the Action as follows:

     a.     The State of New York, on behalf of the Defendants, shall pay to Plaintiff, Sarena Walsh, the sum of Fifty Thousand Dollars ($50,000.00) for which an I.R.S. Form 1099 shall be issued, in full and complete satisfaction of (1) any and all claims for damages (including but not limited to damages for alleged pain and suffering, mental and emotional anguish and trauma, damage to property, damage to reputation, economic damages, punitive damages, and liquidated damages) incurred by Plaintiff that were or could have been the subject of any claim in the Action, as well as in connection with any other proceeding, administrative, judicial, or otherwise, including, but not limited to, any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action; and (2) any and all claims, purported claims, allegations, or causes of action for attorneys' fees, costs, disbursements, and expenses incurred by Plaintiff for any and all legal counsel who have at any time represented Plaintiff in the Action or in connection with any other proceeding, administrative, judicial or otherwise, and any other claim or action arising from, based upon, or alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action. The foregoing payment shall be made payable to Plaintiff, Sarena Walsh, and

mailed to the attention of Law Offices of Jon L. Norinsberg at 225 Broadway, New York, NY 10007.

b. The State of New York, on behalf of defendants, shall pay Plaintiff's Attorneys, Law Offices of Jon L. Norinsberg, the sum of Two Hundred Fifty Thousand Dollars ($250,000.00), for which an I.R.S. Form 1099 shall be issued, in full and complete satisfaction of any and all claims, purported claims, allegations, or causes of action for attorneys' fees, costs, disbursements, and expenses incurred by Plaintiff for any and all legal counsel who have assisted Plaintiff or at any time represented Plaintiff in the Action or in connection with any other proceeding, administrative, judicial or otherwise, and any other claim or action arising from, based upon, or alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action. The foregoing payment shall be made payable to Law Offices of Jon L. Norinsberg, and mailed to their attention at 225 Broadway, New York, NY 10007.

## 3. **State Approval of Payment**

Payment of the settlement amount specified in Paragraph 2 of this Settlement Stipulation is subject to the approval of all appropriate state officials in accordance with N.Y. Public Officers Law § 17. Plaintiff and her counsel agree to promptly execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval and effectuating payment.

## 4. **Accrual of Interest**

In the event that payment of the settlement amount specified in Paragraph 2 of this Settlement Stipulation has not been made by the one hundred twentieth (120th) day after receipt by the Office of the Attorney General ("OAG") of a "So Ordered" copy of this Settlement

Stipulation, entered into the record by the Clerk of Court, together with all other documentation required under Paragraphs 3 and 7 of this Settlement Stipulation, interest on any part of the settlement amount, as specified in Paragraph 2, not paid by the one hundred twentieth (120th) day shall accrue at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred twenty-first (121st) day. If applicable, except for the payment to be made to Plaintiff's attorneys in satisfaction of any claims for attorneys' fees, costs and disbursements, the provisions referenced in Chapter 62 of the Laws of 2001, as amended (commonly known as "the Son of Sam Law" relating to crime victims, funds of convicted persons and the New York State Office of Victims Services), including, but not limited to Section 632-a of the New York Executive Law and Section 8(12-g) of the New York State Finance Law, may be applicable to payments by Defendants hereunder.

### 5. Responsibility of Plaintiff and Plaintiff's Attorneys for Taxes

It is understood and agreed that any taxes, or interest or penalties on taxes, on the settlement amounts specified in Paragraph 2 of this Settlement Stipulation shall be the sole and complete responsibility of Plaintiff and Plaintiff's attorneys, and that Plaintiff and Plaintiff's attorneys shall have no claim, right or cause of action against Defendants, DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their current or former officials, employees or agents, whether in their individual or official capacities, on account of such taxes, interest or penalties. Plaintiff and Plaintiff's attorneys agree that they will defend, indemnify, and hold harmless Defendants, DOCCS, and the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their current or former officials, employees,

or agents, whether in their individual or official capacities, for the satisfaction of any such taxes, or interest or penalties on taxes.

### 6.    **Responsibility of Plaintiff and Plaintiff's Attorneys for Liens**

Plaintiff and Plaintiff's attorneys agree that neither Defendants, DOCCS, or the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), nor any of their current or former officials, employees or agents, whether in their individual or official capacities, shall be responsible for any liens of any kind (including, but not limited to, any and all legal fees, workers' compensation, tax, or child support liens) that may attach to the settlement amounts specified in Paragraph 2 of this Settlement Stipulation. Plaintiff and Plaintiff's attorneys shall have no claim, right, or cause of action against Defendants, DOCCS, or the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their current or former officials, employees, or agents, whether in their individual or official capacities, on account of such liens, and agree that they will defend, indemnify and hold harmless Defendants, DOCCS, and the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their current or former officials, employees, or agents, whether in their individual or official capacities, for the satisfaction of any such liens.

### 7.    **Medicare Certification**

Plaintiff and Plaintiff's attorneys acknowledge and understand that Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 ("MMSEA"), 42 U.S.C. § 1395y(b), mandates that the State of New York and the OAG report information to Medicare regarding settlements, judgments, awards or payments of any kind for the purpose of coordinating benefits for Medicare beneficiaries, and agree to deliver an executed and notarized Affidavit of Medicare

Eligibility Status, in the form annexed hereto as Exhibit A, to the OAG. Plaintiff and Plaintiff's attorneys acknowledge and understand that the submission of this Affidavit, and any and all requested supporting documentation, to the OAG is a prerequisite to payment of the settlement amount specified in Paragraph 2 of this Settlement Stipulation, and falls within the category of "other documentation" described in Paragraphs 3 and 4 of this Settlement Stipulation.

8.   **Liability of Plaintiff for Any Medicare Payments and/or Liens**

Plaintiff agrees to defend, indemnify and hold harmless Defendants, DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their current or former officials, employees, or agents, whether in their official or individual capacities, regarding any liens or past and/or future Medicare payments presently known or unknown in connection with the Action. If conditional and/or future anticipated Medicare payments have not been satisfied, the State of New York and/or DOCCS and/or the OAG reserve the right to issue a multi-party check naming Medicare as a payee or to issue a check to Medicare directly based on the Medicare Final Demand Letter with respect to the amounts specified in Paragraph 2 of this Settlement Stipulation. Upon receipt of all required documentation under Paragraphs 3 and 7, payment of the settlement amounts specified in Paragraph 2 shall be made in accordance with the terms set forth herein.

9.   **General Release**

In consideration of the payment of the sums recited in paragraph 2 above, the sufficiency of which is hereby acknowledged, Plaintiff, on behalf of herself, her heirs, her spouse, executors, administrators, successors, and assigns (collectively, "the Releasing Party"), hereby release and forever discharge Defendants, DOCCS, and the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and all of their present and former

principals, officers, officials, directors, members, affiliates, employees, agents, attorneys, insurers, subdivisions, subsidiaries, heirs, administrators, and assigns, whether in their individual or official capacities (collectively, "the Released Parties"), from all manner of actions, injuries, proceedings, causes of action, grievances, suits, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Party ever had, now have, or shall or may have in the future against some, any, or all of the Released Parties, for or by reason of any act, transaction, occurrence, omission, cause, matter, or thing whatsoever up to and including the date of this Stipulation of Settlement, including but not limited to: (a) any and all claims regarding or arising out of the causes of action, acts, transactions, occurrences, or omissions which are described, alleged, or contained in the Complaint or Amended Complaint in this Action; (b) any and all claims regarding or arising directly or indirectly from either Plaintiff's association with any of the Released Parties or the terms and conditions of her association with any of the Released Parties, including but not limited to, her incarceration in the DOCCS system, (c) any and all other claims, whether for damages (including but not limited to, claims for equitable relief, compensatory, punitive, or other damages), breach of contract, negligence, estoppel, defamation, infliction of emotional distress, violation of public policy, violation of civil or constitutional rights, or any other tort, or any claim for costs, fees, or other expenses including attorneys' fees, or any other claims under federal, state, or local law. Plaintiff also waives and releases any and all claims against the State of New York, its agencies, departments, and officials in the New York Court of Claims or any other forum, administrative or otherwise, related to or arising from any transactions, acts, omissions, or occurrences up to and including the date of this Stipulation of Settlement.

## 10.   No Other Action or Proceeding

Other than the Action, Plaintiff represents and warrants that she has not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind against Defendants, DOCCS, and the State of New York (including, but not limited to, any agencies, departments, and subdivisions thereof), and/or any of their current or former officials, employees, or agents, whether in their individual or official capacities, on her own behalf and/or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this representation consists a material inducement for Defendants to enter into this Settlement Stipulation.

## 11.   No Other Attorneys

Plaintiff and Plaintiff's attorneys represent and warrant that there are no other attorneys having a lien for services rendered to Plaintiff pursuant to the provisions of N.Y. Judiciary Law § 475 or otherwise in connection with the Action, or in any other action or proceeding alleging any of the acts, transactions, occurrences, or omissions asserted in the Action. Plaintiff and Plaintiff's attorneys agree to defend, indemnify, and hold harmless Defendants, DOCCS, and the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their current or former officials, employees, or agents, whether in their individual or official capacities, from any liability or claims for attorneys' fees, costs, disbursements, or expenses incurred by Plaintiff in the Action or in connection with any other proceeding, administrative, judicial, or otherwise, and any other claim or action alleging any of the acts, transactions, occurrences, or omissions purportedly asserted in the Action.

Page 9 of 15

**12.    No Prevailing Party**

Neither Plaintiff nor Defendants shall be deemed a "prevailing party" for any purpose including, but not limited to, any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

**13.    Successors and Assigns**

The terms and conditions of this Settlement Stipulation shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

**14.    Authority**

Each signatory to this Settlement Stipulation hereby represents and warrants that he, she, or it has the requisite authority to enter into this Settlement Stipulation and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Stipulation.

**15.    Voluntary Agreement**

The parties hereto execute and deliver this Settlement Stipulation voluntarily after being fully informed of its terms, contents and effect, and acknowledge that they understand its terms, contents and effect. The parties hereto acknowledge that they are aware, and are advised, of their right to seek the advice of an attorney and that they have been represented by counsel of their own choosing before agreeing to any settlement or release, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party hereto or any one acting on behalf of such party.

**16.    No Admission of Liability**

It is understood and agreed that any actions taken or payment made pursuant to this Settlement Stipulation are made solely to avoid the burdens and expense of protracted litigation,

and that this Settlement Stipulation and the actions taken or payment made pursuant hereto are not to be construed as constituting any determination on the merits of any claims, whether asserted or purportedly asserted in the Action. Nothing contained in this Settlement Stipulation shall be deemed to constitute a policy, practice, or custom of DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their current or former officials, employees, or agents, whether in their individual or official capacities.

**17.    No Precedential Value**

This Settlement Stipulation shall not in any manner be construed as determinative of the issues or claims, whether raised or purportedly raised, in the Action or any other proceeding, and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph herein, this Settlement Stipulation shall not bind or collaterally estop Defendants, DOCCS, or the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their officials, employees, or agents, whether in their individual or official capacities, in any pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any and all available defenses.

**18.    Entire Agreement**

This Settlement Stipulation constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Settlement Stipulation, and may not be clarified,

modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

### 19.   Governing Law

The terms of this Settlement Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law may apply to Plaintiff's release and waiver of federal claims or purported claims pursuant to Paragraph 9 of this Settlement Stipulation.

### 20.   Severability

If any provision of this Settlement Stipulation shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

### 21.   Headings

The headings contained in this Settlement Stipulation are for convenience of reference only and are not a material part of this Settlement Stipulation.

### 22.   Execution

This Settlement Stipulation may be executed in any number of counterparts, all of which taken together shall constitute one Settlement Stipulation, and may be executed by facsimile signature and facsimile notary seal.

IN WITNESS WHEREOF, the parties hereto acknowledge that they have read this Settlement Stipulation and accept and agree to the provisions contained herein, and have each executed this Settlement Stipulation to be effective on the day and date indicated below.

THIS SETTLEMENT STIPULATION INCLUDES A RELEASE
OF ALL KNOWN AND UNKNOWN CLAIMS

Dated: New York, New York

    January 4 , 2017

*m by CO*

**LAW OFFICES OF JON L. NORINSBERG**
*Attorney for Plaintiff*

By: JOHN J. MEEHAN
225 Broadway
New York, New York 10007

Dated: New York, New York

    January 6 , 2017

**ERIC T. SCHNEIDERMAN**
Attorney General of the State of New York
*Attorney for Defendant Featherstone*

By: CHRISTINA OKEREKE
Assistant Attorney General
120 Broadway, 24th Floor
New York, New York 10007

Albany

Dated: New York, New York

December 23, 2016

**LIPPES MATHIAS WEXLER FRIEDMAN LLP**
*Attorney for Defendant Peralta*

By: JEFFREY F. MANS
54 State Street, Suite 1001
Albany, New York 12207

Page 14 of 15

**SARENA WALSH,**
*Plaintiff*

SARENA WALSH

## ACKNOWLEDGMENT

On the ___5___ day of ___January___ 201|7, before me came, Plaintiff, Sarena Walsh, known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed on the within instrument, and acknowledged to me that she executed the same.

YOCHEVED FENLER
Notary Public, State of New York
Registration #01FE6342059
Qualified in Kings County
Commission Expires May 16, 2020

Yocheved Fenler
Notary Public

**SO ORDERED:**

Dated: New York, New York
___January 9___, 201 7

Paul G. Gardephe
United States District Judge

# EXHIBIT A

*Rev Dec 2016*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SARENE WALSH,                                          :
                                                      :
                                                      :
                              Plaintiff,              :
                                                      :        12 Civ. 9116 (PGG) (KNF)
            -against-                                  :
                                                      :        **AFFIDAVIT OF**
CORRECTIONS OFFICER MANUEL                            :        **STATUS OF MEDICARE**
PERALTA, CORRECTIONS OFFICER                          :        **ELIGIBILITY**
TERRANCE DANZY, and SUPERINTENDENT   :
WENDY FEATHERSTONE,                                   :
                                                      :
                              Defendants.             :
-------------------------------------------------------------------X

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF _____  )

SARENA WALSH, being duly sworn, deposes and says:

1.    I am the plaintiff in the above-entitled action and I reside at

_____

and my telephone number is _____.

2.    I am making this affidavit with full knowledge that the same will be relied upon by the

State of New York, its agents, employees and representatives ("OAG") in connection with

settlement of this action against Defendants Superintendent Wendy Featherstone and Correction

Officer Manuel Peralta ("defendants"), specifically as it relates to the OAG's obligations as to

Medicare compliance primarily pursuant to Section 111 of the Medicare, Medicaid and SCHIP

Extension Act of 2007 ("MMSEA") and the Medicare Secondary Payer Act ("MSP"). *[Note: A*

*query will be / has been made pursuant to Section 111 of the Medicare, Medicaid and SCHIP*

*Extension Act of 2007, 42 US.C. 1395(B)(8) to verify your current Medicare status].*

3.   I hereby acknowledge and understand that as mandated by CMS and promulgated by and through its rules and regulations including but not limited to the MMSEA and/or MSP, I am required to:

    a.   reimburse Medicare for *conditional payments* it has made from the settlement herein; and/or

    b.   utilize the settlement proceeds to pay for future medical expenses, when necessary.

4.   I further acknowledge that the information provided herein will be relied upon by defendants and OAG as true and accurate and, when applicable, will be used for reporting pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 and/or as deemed necessary and/or required by the defendants and OAG.

5.   I hereby agree to promptly provide the OAG with any and all information necessary and required for its reporting pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007.

## PEDIGREE INFORMATION

6.   I have been known by (include all alias name(s), former name(s) and/or maiden name(s)) the following names: _____.

I hereby acknowledge that I can be identified by this/these name(s) and all these names are indeed referring to me.

7.   I consent to OAG verifying my current Medicare eligibility for purposes of its compliance with Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007.  I affirm:

    a.   my social security number is _____;
    b.   my date of birth is _____; and
    c.   my gender is male / female.

2

## CURRENT MEDICARE ELIGIBILITY
*✒ Initial and affirm applicable current Medicare eligibility status ✒*

8. As of the date of this affidavit:

a. ✒_____ I am not currently eligible for Medicare coverage and/or benefits nor have I ever received Medicare coverage and/or benefits;

**OR**

b. ✒_____ I am a Medicare beneficiary and my Medicare number [HIC #] is _____. I am aware of my obligation to reimburse Medicare, as well as any Medicare Part C Plan (also referred to as Medicare Advantage Plans, Medi-Gap Plans), (collectively hereinafter referred to as "Medicare") for payments and/or benefits that I received directly or indirectly from Medicare for medical expenses for injuries that were the subject of this personal injury action. I understand that reimbursement directly to Medicare may be made from proceeds I receive from the settlement of this personal injury action; and

i. ✒_____ Medicare has confirmed that no payment is due and owing from the total proceeds of the above-captioned litigation. *(Attach copy of Medicare's Conditional Payment letter and/or Final Demand Letter)*; or

ii. ✒_____ Medicare has confirmed that it will accept the total amount of $_____ as full and final reimbursement of all Medicare payments made to date. *(Attach copy of Medicare's Conditional Payment Letter and/or Final Demand Letter).* In accordance with the attached Medicare letter, I consent to the payment of that sum directly from the total proceeds of the above-captioned litigation; or

iii. ✒_____ I am awaiting a Conditional Payment Letter and/or Final Demand Letter or equivalent information from Medicare. Upon my receipt of the necessary documentation, I will promptly provide it to AAG Christina Okereke and to OAG's Medicare Compliance via email at Medicare.Compliance@ag.ny.gov. I agree that no interest or penalty will be assessed or demanded by me or on my behalf against the OAG for any delay in payment pursuant to the terms and conditions of the settlement in the above-captioned litigation prior to OAG's receipt of any and all necessary documentation from me issued by Medicare (including but not limited to Medicare's Conditional Payment Letter and/or Final Demand Letter). In accordance with Medicare's Conditional Payment Letter and/or Final Demand Letter, I consent to the payment of that sum directly from the total proceeds of the above-captioned litigation.

3

## FUTURE MEDICARE ELIGIBILITY
*✐ Initial and affirm applicable future Medicare eligibility status ✐*

9.    As of the date of this affidavit:

a.    ✐_____    I do not expect to be Medicare eligible within 30 months of the date of this affidavit and as of the date of the settlement of the above-captioned litigation. I affirm that I:
    i.    I have not applied for social security disability (SSDI);
    ii.   have not been denied SSDI and anticipating appealing that decision;
    iii.  am not in the process of appealing or re-filing for SSDI;
    iv.   am not 62.5 years or older; and
    v.    do not have End Stage Renal Disease (a qualifying condition for Medicare);

### OR

b.    ✐_____    I am not current a Medicare beneficiary. However, I anticipate that I will be Medicare eligible within 30 months of the date of this affidavit and the date of the settlement of the above-captioned litigation and

    i.    ✐_____    I do not require any future treatment for injuries that are the subject of this personal injury action. The required certification(s) for the injuries alleged in the Amended Complaint is attached. The attached certification attests that there is no anticipated future treatment required for the injuries sustained in the within personal injury action; or

    ii.   ✐_____    I do require future treatment for the injuries that are the subject of this personal injury action. In accordance with the attached Medicare Set-Aside Trust ("MSA"), I consent to the payment of $_____, payable to $_____ from the total proceeds of the above-captioned litigation. I affirm this sum will be used for the medicals expenses relating to the injuries of this personal injury action; or

    iii.  ✐_____    I have not sought treatment for the injuries alleged in this case and, as such, there are no medical expenses relating to the injuries alleged herein. Furthermore, I do not anticipate seeking medical treatment for injuries alleged in this action. I understand and agree should I require future treatment and/or prescription medication for such injuries, I will use the requisite amount of proceeds from this agreement to pay for any medical expenses relating to such injuries.

### OR

c.    ✐_____    I am currently a Medicare beneficiary and

4

i.     ✒_____ I do not require any future treatment for injuries that are the subject of this personal injury action. The required certification(s) for the injuries alleged in the Amended Complaint is attached. The attached certification attests that there is no anticipated future treatment required for the injuries sustained in the within personal injury action; or

ii.     ✒_____ I do require future treatment for the injuries that are the subject of this personal injury action. In accordance with the attached Medicare Set-Aside Trust ("MSA"), I consent to the payment of $_____, payable to $_____ from the total proceeds of the above-captioned litigation. I affirm this sum will be used for the medicals expenses relating to the injuries of this personal injury action; or

iii.     ✒_____ I have not sought treatment for the injuries alleged in this case and, as such, there are no medical expenses relating to the injuries alleged herein. Furthermore, I do not anticipate seeking medical treatment for injuries alleged in this action. I understand and agree should I require future treatment and/or prescription medication for such injuries, I will use the requisite amount of proceeds from this agreement to pay for any medical expenses relating to such injuries.

_____

SARENA WALSH

Sworn to before me this
_____ day of _____, 20___.


_____

NOTARY PUBLIC